#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | Case No. 2:23-cr-466 |
| v. | |
| Jose De La Luz Moreno-Enriquez, | **ORDER AND OPINION** |

Before the Court is Defendant's motion to dismiss the indictment against him pursuant to Fed. R. Crim. P. 12(b)(3). (Dkt. No. 55). The Government opposes Plaintiff's motion. (Dkt. No. 58). For the reasons set forth below, the Court denies Defendant's motion.

I.  **Introduction**

This case arises from a traffic stop on April 17, 2023, during the course of which police officers discovered that Defendant, who is an illegal alien, was in possession of two firearms. Defendant was charged under 18 U.S.C. §922(g)(5)(A) (the "alien in possession statute") for "knowingly possess[ing] firearms and ammunition" "knowing that he was an alien illegally and unlawfully in the United States." (Dkt. No. 1). Defendant does not dispute that he is illegally present in the United States, nor that he was in possession of firearms. Rather, Defendant moves to dismiss the indictment on the basis that it "charges a violation of an unconstitutional statute and therefore fails to state an offense." (Dkt. No. 55 at 1). Defendant contends that the alien in possession statute is unconstitutional in light of the Supreme Court's decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and *United States v. Rahimi*, 602 U.S. 680 (2024), which rejected means-end scrutiny and, in Defendant's view, have the effect of abrogating a case in which the Fourth Circuit upheld the constitutionality of the statute. *See United States v. Carpio-Leon*, 701 F.3d 974 (4th Cir. 2012). (*Id.* at 2).

1

In addition to being facially invalid, Defendant argues that the alien in possession statute is unlawful as it applies to him where "[h]e is 'among the people' protected by the Second Amendment." (*Id.* at 6). He cites *District of Columbia v. Heller*, where the Supreme Court defined "the people" to be "a class of persons who are part of a national community or who have otherwise developed sufficient connection with this country to be considered part of that community." (*Id.*) (citing *Heller*, 554 U.S. 570, 480 (2008)). Defendant contends that he meets this standard where "[h]e has now lived longer in the United States than in his country of birth." (*Id.*).

The Court proceeds to consider Defendant's facial and as-applied challenge to 18 U.S.C. §922(g)(5)(A).

## II. Legal Standard

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend II. In *New York State Rifle & Pistol Association v. Bruen*, the Supreme Court explained the appropriate standard for analyzing claims under the Second Amendment:

> [W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.

597 U.S. at 17.

## III. Discussion

### A. Facial Challenge to 18 U.S.C. § 922(g)

The Court considers Defendant's argument that the Supreme Court's decisions in *Bruen* and *Rahimi* abrogated this Circuit's precedent upholding the constitutionality of the alien in

possession statute. (*See* Dkt. No. 55 at 2). The Court finds a recent Fourth Circuit opinion, which evaluated the effect of *Bruen* on the Circuit's prior decisions involving the felon in possession statute, instructive:

> Because *Bruen* rejected only one step of our former two-part test, the distinction between different types of pre-*Bruen* decisions matters. *Moore* did not rely on any sort of "means-end scrutiny" in rejecting the defendant's Second Amendment challenge. *Bruen*, 597 U.S. at 19, 142 S.Ct. 2111. Instead, it held the defendant's conduct was "plainly outside the scope of the Second Amendment." *Moore*, 666 F.3d at 320. So too in *Pruess*, which said the defendant's "conduct lies outside the scope of the Second Amendment's protection" and rejected the defendant's assertion "that historical sources weigh in his favor." 703 F.3d at 246 & n.3. And again in *Hamilton*, which never discussed means-end scrutiny and resolved the case at "step one" of this Court's former test. 848 F.3d at 627. *Bruen* and *Rahimi* thus provide no basis for a panel to depart from this Court's previous rejection of the need for any case-by-case inquiry about whether a felon may be barred from possessing firearms. *See Hamilton*, 848 F.3d at 626–29.

123 F.4th 697, 704 (4th Cir. 2024). This analysis is equally applicable to the Fourth Circuit's opinion in *Carpio-Leone* pre-dating *Bruen* and *Rahimi*. In *Carpio-Leone*, the Fourth Circuit started its analysis of a challenge to the alien in possession statute "by determining whether the scope of the Second Amendment includes the protection of aliens who are illegally in this country." 701 F.3d at 978. Importantly, this prong of the analysis is the same pre-*Bruen* as that post-*Bruen*. *See Bruen*, 597 U.S. at 18. The Fourth Circuit reasoned that "*Heller* concludes, through a distinct analysis, that the core right historically protected by the Second Amendment is the right of self-defense by 'law-abiding, responsible citizens.'" *Carpio-Leone*, 7001 F.3d at 979 (quoting *United States v. Carter*, 669 F.3d 411 (4th Cir. 2012)). In light of *Heller*'s historical analysis, the *Carpio-Leone* Court held that "illegal aliens do not belong to the class of law-abiding members of the political community to whom the Second Amendment gives protection." *Id*. The court did not

3

proceed to the now-defunct second step of the pre-*Bruen* framework, such that it had no effect on the Court's decision. *Id.* at 982.

This Court finds that *Carpio-Leone* remains binding. "'A Supreme Court decision overrules or abrogates our prior precedent only if our precedent is impossible to reconcile with' that decision." *Hunt*, 123 F.4th at 702 (quoting *Short v. Hartman*, 87 F.4th 593, 605 (4th Cir. 2023)). "If it is possible for us to read our precedent harmoniously with Supreme Court precedent, we must do so." *Id.* Here, it is possible to read *Carpio-Leone* harmoniously with *Bruen* and *Rahimi* where it was decided under the first step of the framework that remains in effect after both decisions. The Court denies Defendant's facial challenge to the constitutionality of the alien in possession statute.

### B. As-Applied Challenge to 18 U.S.C. § 922(g)

Because this Court finds that *Carpio-Leone* remains good law, Defendant's as-applied challenge fails where he does not dispute that he is an illegal alien nor that he was knowingly in possession of firearms.

### IV.  Conclusion

In light of the foregoing, Defendant's motion to dismiss the indictment is **DENIED**.

**AND IT IS SO ORDERED.**

          s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

March 14, 2025
Charleston, South Carolina